**FILED**

APR 14 2015

Clerk, U.S. District and Bankruptcy Courts

IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TANYANIKA MATTOS
1456 Mulberry Creek Dr.
Dacula, GA 30019-2654

Case: 1:15-cv-00546
Assigned To : Mehta, Amit P.
Assign. Date : 4/14/2015
Description: TRO/PI (D Deck)

Plaintiff,

vs.

INTERNAL REVENUE SERVICE
1111 Constitution Ave NW #5480
Washington, DC 20224

Defendant,.

## COMPLAINT

Now comes Plaintiff, Tanyanika Mattos, by and through her undersigned Counsel and petitions this Court for an Order pursuant to Civ. R. 65(A) granting a preliminary injunction for the reasons stated in the accompanying Memorandum pursuant to Federal Civil Rule 65 and applicable federal and state law.

## MEMORANDUM

Plaintiff is requesting this Court for an Order directing Defendant to lift her suspension from using the IRS e-file program, allowing her to continue to file IRS tax returns, while the merits of the IRS and NYS's claims against Plaintiff are currently being litigated.

The facts underlying Plaintiff's request for a preliminary injunction are as follows. Plaintiff, Tanyanika Mattos, is a tax preparer who prepares taxes for low-income, household

1

employees with Black Dog Financial, Inc. ("Black Dog"). Many of the tax returns Black Dog has prepared have been for low-income clients. Black Dog Financial clients are located specifically in the South Bronx of New York State, and under New York State tax laws. On February 27, 2015 the Internal Revenue Service sent a letter to Plaintiff informing her that she is suspended from using the IRS e-file program to file any tax returns due to allegations of fraud reported to them by the North Atlantic Scheme Development Center (NASDC). Specifically, the IRS and NYS (New York State Department of Finance and Taxation) claim that as a tax preparer, Plaintiff reported fabricated wages and refunded credits based on those wages. As a result, NYS imposed a penalty under rule 685(aa) of its tax code of $1,000 for each alleged false return, totaling two separate amounts of $79,000 and $222,000.

Around April 26, 2013, NYS sent a letter to Plaintiff at 1715 Leigh Meadow Drive, Dacula, GA 30019 informing her of the alleged fraud, and requesting a response before action would be taken against her. At this time Plaintiff did not live at this address, nor had she lived there for two and a half (2 ½) years. The current resident failed to return the letters to the post office resulting in Plaintiff never receiving correspondence. When Plaintiff failed to respond within 90 days, NYS went forward with its proceeding against her and received a default judgment in the amounts stated above.

In May of 2014, Plaintiff checked her credit report. It was at this time that she first learned of the default judgments NYS received against her, along with the allegations of fraudulent filing. Plaintiff immediately contacted NYS and requested the opportunity to be heard at a Conciliation Conference on the allegations, but was informed that her request was untimely and was being denied.

Plaintiff continued to contact both the IRS and NYS. In letters addressed to NYS responding to their previous letters sent on February 5, 2013, she laid out several reasons that their claims are incorrect.

Plaintiff states that Black Dog Financial always completes thorough due diligence before completing a New York State tax return. Black Dog Financial provides notice to each client that they may be audited, and if audited they must respond honestly and fully. On several occasions both NYS and the IRS have audited her clients with the exact same proof of income. Each audit has always returned a favorable outcome for the client, and each client received their full refund.

Currently, this issue is being litigated between the New York State and Plaintiff, and it is for this reason that Plaintiff requests a preliminary injunction while the merits of the case are being decided by the Court.

In order to prevail on a motion for a preliminary injunction Plaintiff must prove (1) the likelihood of her success on the merits of the claim, (2) whether the plaintiffs will suffer irreparable harm, (3) the probability of substantial harm to others and (4) whether the public interest is advanced. *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). These are not prerequisites but rather "factors to be balanced" *In Re Delorian Motor Co.*, 755 F.2d 1223, 1229(6th Cir. 1985). None of the four factors is to be deemed conclusive on its own and each need not be viewed in isolation from the others. *Blue Cross & Blue shield Mutual Of Ohio v. Columbia /HC4 Healthcare et al*, 110 F.3d 318, 334 (6th Cir.1997).

The issue before the Court is whether Plaintiff, pursuant to the guidelines above, is likely to succeed on her claim that Defendant is wrongfully denying her access to file tax returns on the IRS e-file system without first affording her due process to be heard on the claim, and without first proving she committed any fraud.

Plaintiff is likely to succeed on the merits of her claim. Pursuant to Title 26 U.S.C. §7206 (1) Any person who "willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter..." can be found guilty of fraud by the IRS. If afforded a proper chance to be heard Plaintiff will likely not be found guilty of fraud because she did not prepare any tax returns that she believed or should have believed contained any false statement of material fact. Plaintiff provided every client with proper due diligence forms before agreeing to prepare their tax returns. She informed them that they must answer every question honestly and fully if they are ever audited by either the NYS or IRS. Furthermore, many audits were conducted on her clients, who also were low-income, household employees with the same proof of income as the alleged false returns claimed by the IRS. Every instance resulted in both NYS and the IRS finding their proof of income to be valid, and gave them their full tax refund.

Plaintiff will suffer irreparable harm if this preliminary injunction is not granted. It is currently tax season in the United States. Plaintiff makes her livelihood by filing tax returns. If the IRS is not forced to lift its suspension that it placed on Plaintiff, she will lose a large portion of her business for the year.

Allowing the IRS to place a suspension on Plaintiff based on a ruling that did not afford her due process rights is harmful to both Plaintiff and the public interest. In the United States one of the basic pillars of our Constitution is our procedural and substantive due process rights. The extent of due process afforded to each person depends on the rights being infringed. The IRS has instituted procedures internally for giving persons accused of wrong-doing the ability to face and

present evidence against their accuser. However, due to error by the IRS, Plaintiff was denied an opportunity to be heard, and default judgments were rendered against her arbitrarily.

New York State sent a letter to Plaintiff at the wrong address demanding her response within ninety (90) days before they proceeded against her. New York State found this address by sending it to the last listed address on an alleged fraudulent tax return, without any further inquiry. When New York State did not receive any response, they proceeded and obtained default judgments against Plaintiff. There was no hearing on the merits of their claim at this time. It was not until May of 2014 that Plaintiff learned of the default judgments against her. However, instead of granting a Conciliation Conference based on Plaintiff's valid concerns, they denied her any due process on the basis that her response was untimely.

If Plaintiff's request for injunctive relief is not granted it will validate the ability of the IRS to arbitrarily suspend individuals' ability to file tax returns without first being granted their Constitutional due process rights to be heard on the merits of the case against them. This will not only have a negative impact on Plaintiff's livelihood, but also the livelihood of all other tax preparers who do not receive proper notice because the agents at the IRS cannot perform its due diligence to ensure they are sending notices to the correct address.

On a letter from the IRS ( Exhibit A), dated February 27, 2015, it informs Ms. Mattos that the IRS has suspended her ability to e-file after receiving information from the North Atlantic Scheme Development Center (NASDC) that fraudulent returns have been filed under EFIN: 261988. In this letter from the IRS, they express to Ms. Mattos that: "your conduct clearly violates the requirements to participate in and reflect adversely on IRS e-file." However, nowhere in the letter does it say or refer to any egregious or illegal conduct by Ms. Mattos.

After immediately being retained by Ms. Mattos, the law firm made multiple calls to Special Agent Michelle McMormick who is the Special Agent assigned to this case. The law firm also sent her a letter on March 8, 2015(Exhibit B) requesting information regarding the allegations against Ms. Mattos made by the IRS. As of April 10, 2015 Special Agent McMormick or anyone from the IRS has not contacted the law firm regarding the request. It is with a sense of urgency that this Preliminary Injunction request is granted until Ms. Mattos has an opportunity to address the allegations against her.

WHEREFORE, based on the facts and arguments presented herein, Plaintiff requests this Honorable Court for a preliminary injunction against the IRS to force them to allow Plaintiff to use the IRS e-filing system, and for any other relief this Court deems proper. Notice shall be sent to all appropriate parties pertaining to this request.

Respectfully Submitted,

/s/ Donald R. Harris
Donald Harris
Donald Harris Law Firm
158 Columbus Ave.
Sandusky, OH 44870
tel: 419-621-9388
fax: 419-239-2315
don@donaldharrislawfirm.com

/s/ Geoffrey L. Oglesby
Geoffrey L. Oglesby, Esq. (#0023949)
OGLESBY....,LPA.
618 West Washington Street
Sandusky, Ohio 44870
Tel: 419-621-2315
Fax: 419-625-9200
Lawoffice@rboglesby.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was delivered via United States Postage Certified mail on April 14, 2015 to the addresses below.

/s/Donald Harris Esq.
Don@donaldharrislawfirm.com

Internal Revenue Service
1111 Constitution Ave NW #5480
Washington, DC 20224

Eric Holder
United States Attorney General
950 Pennsylvania Ave NW
Washington D.C. 200001

United States Attorney
for the District of Columbia
501 3rd St. NW
Washington D.C. 200001